# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**LEON JACKSON RICE, JR.**                                                        **PETITIONER**

**VS.**                       **CASE NO.: 5:14CV00220 KGB/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

On June 3, 2014, Petitioner Leon Jackson Rice, Jr., filed the pending petition for writ of habeas corpus. (Docket entry #2)  In the petition, he alleges a number of constitutional deficiencies with his state criminal trial. (#2)  Respondent, Arkansas Department of Correction Director Ray Hobbs, contends that the claims in the petition are procedurally defaulted and lack merit. (#6)  Mr. Rice filed a reply providing documentary support for his claims. (#8)  For the reasons explained below, the Court will recommend that Judge Baker DISMISS Mr. Rice's petition, with prejudice.

## III.   Background

After his arrest on April 9, 2010, Mr. Rice was charged in the North Little Rock District Court with possession of a controlled substance, third-degree assault, and third-degree battery.  The charges were withdrawn so that the State could file a felony information in the Pulaski County Circuit Court.  The felony information charged Mr. Rice with possession of a controlled substance with intent to deliver and resisting arrest.  The State amended the information to add a charge of second-degree battery, based on an injury suffered by a police officer during Mr. Rice's arrest.

On November 10, 2010, a Pulaski County jury found Mr. Rice guilty of possession of a controlled substance with intent to deliver and resisting arrest. The jury acquitted Mr. Rice of the second-degree battery charge. Mr. Rice received a 30-year sentence as a habitual offender. He unsuccessfully appealed his conviction and sentence to the Arkansas Court of Appeals. *Rice v. State*, 2011 ARK.APP. 656. Mr. Rice also unsuccessfully pursued postconviction relief through a Rule 37 petition and appeal. *Rice v. State*, 2014 Ark. 230. Mr. Rice then filed the pending federal petition for writ of habeas corpus. (#2)

## IV.   Discussion

Mr. Rice raised the following claims for relief: (1) denial of counsel at his initial appearance (#2, pp. 3-4); (2) ineffective assistance of counsel for failing to challenge an arrest warrant and raise an affirmative defense (#2, pp. 4-5); (3) violation of his right to due process by his counsel's waiver of the reading of his felony information (#2, pp. 5-6); and (4) denial of his sixth amendment right to a fair trial because he lacked appointed counsel during postconviction proceedings. (#2, pp. 6-7)

The Court has construed Mr. Rice's petition liberally, although some of his allegations and arguments are difficult to understand. But clearly, none Mr. Rice's claims and allegations entitle him to habeas corpus relief.

A. *Arkansas Law*

It is unclear from the petition whether Mr. Rice's claims are based on federal or Arkansas law. (#2) Mr. Rice did not explicitly raise a federal issue until his reply.[1] (#8) Federal habeas courts are not arbitrators of state law or state procedure. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997). This Court can consider Mr. Rice's federal habeas petition only on grounds that he is being held in violation of the United States Constitution or federal law. 28 U.S.C. § 2254(a). Thus, to the extent Mr. Rice alleges violations of Arkansas law or procedure, those claims should be denied.

B. *Procedural Default*

Two of Mr. Rice's four claims were apparently defaulted. In other words, he failed to "fairly present" two of his claims for the state court's consideration. See *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to provide a state with the necessary opportunity to address a petitioner's claims, the petitioner must alert the state court to the federal nature of the claim). Mr. Rice implicitly acknowledges his default by arguing in his reply that, despite his default, the Court can still hear his claims. (#8) This Court will address the merits of Mr. Rice's petition, even though he apparently failed to properly exhaust some claims in the State courts. 28 U.S.C. § 2254(b)(2).

---

[1] In his petition, Mr. Rice alleged constructive denial of counsel, ineffective assistance of counsel, violation of due process, and ineffective assistance of postconviction counsel. (#2, pp. 3-7) The substance of these claims, however, involve the failure to challenge an allegedly recalled warrant, an absence of a certificate of indigence, and a failure to challenge the basis for amending the warrant. (#2, pp. 3-7)

C. *Standard of Review*

Federal courts are limited in reviewing claims adjudicated in state courts. "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is contrary to federal law only where the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an "unreasonable application" of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. It is not enough that a federal court might have applied federal law in a manner different from the state court. Rather, the state court's application must

have been objectively unreasonable. *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside only if they are not fairly supported by the record. *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

      D.    *Ineffective Assistance of Counsel at Trial*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial. The right to counsel exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S. Ct. 838, 842 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 684 (1984)). "[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *Id* (quoting *U.S. v. Cronic*, 466 U.S. 648, 658 (1984)).

A criminal defendant's right to the effective assistance of counsel "is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Judicial scrutiny of counsel's performance is highly

deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

To establish his ineffective assistance of counsel claim, Mr. Rice must show both that his counsel's performance was deficient, *and* that he was prejudiced by his counsel's deficient performance. He has not made either of these showings.

1. Denial of Counsel

Mr. Rice alleges that he was denied counsel at his initial appearance and that the court failed to certify his indigence. Contrary to the claim that he was denied counsel, Mr. Rice also alleges his counsel failed to challenge the recall of his arrest warrant. Mr. Rice also asserts that his counsel illegally waived reading of the felony information and service of the warrant.[2] (#2, pp. 3-4)

The record shows that Mr. Rice completed an affidavit of indigency and that the trial court appointed counsel at Mr. Rice's initial appearance. (#6-6, p. 12) Transcripts of Mr. Rice's initial appearance, omnibus hearing, and trial plainly show that Mr. Rice had counsel at every critical stage of his criminal proceeding. (#6-6, pp. 43-46, 50-311; #6-7, pp. 5-7) The record reveals that Mr. Rice's claim of an actual denial of counsel is patently untrue.

---

[2] This allegation is the basis of Mr. Rice's third claim.

Mr. Rice also alleges that his lawyer improperly failed to challenge the recall of his arrest warrant. Again, the record belies Mr. Rice's representations. Due to the serious nature of the charges, the prosecutor withdrew the charges in district (municipal) court and refiled the charges directly in circuit court. (#6-6, p. 5) At that point, the circuit clerk issued a bench warrant. (#6-6, p. 9) Mr. Rice, who was already in custody, appeared, and his counsel waived service of the arrest warrant. (#6-7, p. 6) The same day, the circuit court recalled his arrest warrant. (#8, pp. 20-21) Mr. Rice fails to explain how the recall of the arrest warrant could have affected his trial or his lawyer's performance.

Mr. Rice apparently remained in custody throughout his criminal proceedings, either because he could not post bond or because there was a detainer for him based on parole violations. Serving the warrant on Mr. Rice in jail or during his initial appearance would have had no effect on his criminal proceeding. Mr. Rice also fails to describe any prejudice stemming from waiver of service of the warrant.

    2.  Arrest Warrant and Issues

Mr. Rice alleges that his counsel improperly failed to raise "false arrest" as an affirmative defense. He also faults counsel for failing to challenge probable cause and the alleged malicious amendment of his arrest warrant. (#2, pp. 4-5)

A challenge to Mr. Rice's arrest would have been futile. North Little Rock police stopped Mr. Rice at 11:00 p.m. for driving without headlights and crossing the centerline. (#6-6, pp. 153-154) Mr. Rice appeared to be driving under the influence and was seen

stuffing a plastic bag with a rock-like substance into his pants. (#6-6, pp. 155-156) At that time, he had been paroled from prison for less than four months and had already tested positive for illegal drugs on several occasions. (#6-6, pp. 290-291)

When the police attempted to recover the drugs Mr. Rice had attempted to hide in his pants, he resisted. (#6-6, pp. 157-166) The police eventually recovered a baggie of crack cocaine from Mr. Rice's person. (#6-6, p. 167) He gave police several legitimate reasons to arrest him, and there was no reason for his lawyer to challenge cause for the arrest.

Insofar as Mr. Rice challenges the amendment of the felony information, this claim also fails. Before trial, the state prosecutor amended Mr. Rice's felony information to include a charge of second-degree battery. (#6-6, p. 30) The jury acquitted Mr. Rice on this charge, so it cannot form the basis of a challenge to his conviction or sentence. (#6-6, p. 278) Given that Mr. Rice was acquitted on this charge, his ineffective-assistance claim based on his lawyer's performance in defending this charge is not well taken.

3. Due Process

Although it is not entirely clear, Mr. Rice apparently claims that his due process rights were violated when his attorney waived reading of the felony information. Mr. Rice alleges that his counsel "appear[ed] only momentarily never to be seen again after having been used by the trial court to waive illegally [Mr. Rice's] due process rights." (#2, pp. 5-6)

Mr. Rice does not allege that he was unaware of the nature of the charges against him. In fact, based on his pro se motion for release, Mr. Rice was clearly aware of the charges against him well before trial. (#6-6, p. 20) Mr. Rice's counsel objected to the State's amending the felony information to add a count of second-degree battery. (#6-6, p. 55) But counsel conceded to the trial court that the amendment did not affect preparation for trial. (#6-6, p. 55)

Waiver of the reading of a felony information is common. Counsel's waiver neither fell below an objective standard of reasonable performance nor caused any prejudice.

    4.    Lack of Postconviction Counsel

Mr. Rice claims a denial of his Sixth Amendment right to a fair trial because he was denied appointed counsel during postconviction proceedings. (#2, pp. 6-7) There is no absolute constitutional right to counsel "when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987)(citations omitted). It is true that recent cases have recognized a "narrow exception" to excuse a petitioner's procedural default in failing to raise ineffective-assistance in a direct appeal. See *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Trevino v. Thaler*, 569 U.S. __, 133 S.Ct. 1911, 1921 (2013)(noting it is "highly unlikely in a typical case that the defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal"); and *Sasser v. Hobbs*, 735 F.3d,

833, 853 (8th Cir. 2013)(holding that Arkansas's post-conviction appeal process does not, "as a systematic matter," afford indigent defendants a "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal).

These recent cases, however, are of no help to Mr. Rice here. *Martinez*, *Trevino*, and *Sasser* open the door for indigent defendants to establish cause for their procedural default of ineffective-assistance-of-trial-counsel claims. They do not establish a right to counsel in post-conviction proceedings. Furthermore, before a petitioner can qualify for this "narrow exception" to the procedural default bar, he must first show that his defaulted ineffective-assistance-of-trial-counsel claim has "some merit." *Martinez*, at 1318; see also *Holt v. Hobbs*, 5:12CV00453 BSM, 2013 WL 3481871 (E.D. Ark. July 10, 2013). As explained above, Mr. Rice has made no showing that his ineffective-assistance claim has any merit. In any event, this Court has not reached its conclusions based on Mr. Rice's apparent default, but rather, bases its recommendation on the merits of Mr. Rice's claims. Here, trial counsel's performance at trial was not legally deficient, and Mr. Rice's claims to the contrary are wholly contradicted by the undisputed facts in the record.

## V. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Rice has made a substantial showing that he was denied a constitutional right. 28 U.S.C.

§ 2253(c)(1)-(2). In this case, Mr. Rice has not provided a basis for issuing a certificate of appealability.

## VI.  Conclusion

The Court recommends that Mr. Rice's petition for writ of habeas corpus be dismissed, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 26th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE